Opinion of the Court.
THIS is an appeal from a judgment of restitution, recovered by Sharp in the circuit court, on the trial of a traverse taken by him in a proceeding under the law regulating forcible entries and detainers. Upon taking the traverse. Solomon P. Sharp executed to the justice a bond, with Fidelio C. Sharp his surety, conditioned as required by law ; and the circuit court, on the application of Solomon P. Sharp, permitted him, in substitution of the bond which was executed to the justice, to give another bond, with other security than was given to the justice. Ashby opposed the giving of the bond in substitution of that which had been previously given, and filed exceptions to the opinion of the court allowing it to be done.
The first question for the decision of this court, presents an inquiry into the propriety of the court’s, permitting the latter bond to be given in substitution of the first. It was, no doubt, incompetent for the court, by allowing the latter bond to be given, to release Fidelio C. Sharp from the obligation he came under by the bond which was given to the justice ; and if there had been any objection to the admission of Fidelio C. Sharp as a witness, we should have no hesitation in maintaining that, notwithstanding the bond subsequently given, he was incompetent. But there appears to have been no objection made to the competency of Fidelio C. Sharp as a witness; and without an objection in the court below, it would be contrary to the settled course of decision in this court, to enquire into the competency of witnesses, whose evidence may have been given to the jury. There is, it is true, an objection to the latter bond being given in substitution of the first, and the propriety of the court’s overruling *157 that objection, is made a question in this court; but, if we are correct in supposing that the latter bond cannot have released the security in the former, it is impossible that the execution of the latter can be in any respect prejudicial to Ashby; and consequently, for permitting it to be given, the judgment obtained by Sharp, should not be overturned by this court.
After a verdict was found in the circuit court for Sharp, an application was made by Ashby for a new trial; and the propriety of that court’s overruling the application, is also made a question in this court.
It may, however, in response to that question, be remarked, that there appears to have been no inquiry presented to the consideration of the jury, which they were not competent to make, and which did not properly fall within their constitutional province ; and after exploring the evidence on which the jury acted, this court is unable to perceive any solid objection to their determination, on the ground of the verdict being against law and evidence.
The judgment must be affirmed with costs.